UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-23958-KMM

SECURITIES AND EXCHANGE
COMMISSION,

**Plaintiff,**

v.

DESTINY ROBOTICS CORP.
and
MEGI KAVTARADZE,

**Defendants.**
_____/

PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S UNOPPOSED MOTION
FOR ENTRY OF FINAL JUDGMENTS AGAINST
DEFENDANTS DESTINY ROBOTICS CORP. AND MEGI KAVTARADZE

I. Introduction

Plaintiff Securities and Exchange Commission ("Commission") moves for entry of the proposed Final Judgments against Defendants Destiny Robotics Corp. ("Destiny Robotics") and Megi Kavtaradze ("Kavtaradze") (collectively "Defendants") (attached as Exhibits A and B, respectively). For the reasons set forth below, the Court should enter the proposed Final Judgments to which the Defendants have consented (attached as Exhibits C and D, respectively).

II. Procedural History

On October 15, 2024, the Commission filed its Complaint against the Defendants. According to the Complaint, from approximately July 2021 through April 2023, Defendants made material misrepresentations to investors regarding Destiny Robotics' operations and products by claiming to be developing the world's first humanoid artificial intelligence robot at-

home assistant and companion for delivery by 2023. In truth, the Defendants were allegedly developing a robot that would have been much less sophisticated and capable than what was described to investors and had no realistic possibility of delivering the robot described to consumers by 2023. The complaint also alleges that the Defendants falsely described Kavtaradze's qualifications and failed to disclose Kavtaradze's personal relationship with the lead investor, while touting his endorsement of the company. Additionally, as alleged, the Defendants failed to disclose to investors that Kavtaradze used some investor funds for personal expenses. From February 2022 through April 2023, the Defendants obtained approximately $141,000 from investors based on their representations of the promise of their purported products.

As a result, the Complaint alleges the Defendants collectively violated Sections 17(a)(2) and (3) of the Securities Act of 1933 ("Securities Act"). The Commission's action seeks permanent injunctive relief against Defendants from engaging in specific actions or activities as to the violations charged, and, in addition as to Kavtaradze, disgorgement, prejudgment interest, and a civil penalty.

By their Consents, the Defendants agree to the entry of the proposed Final Judgments attached as Exhibits A and B, which will resolve the entirety of this litigation, namely the Commission's claims for injunctive relief against the Defendants, and the Commission's claims for disgorgement, prejudgment interest, and civil penalty against Kavtaradze.

### III. Memorandum of Law

#### A. Permanent Injunctive Relief

The proposed Final Judgments comply with Federal Rule of Civil Procedure 65(d), which provides that "[e]very order granting an injunction . . . must: (A) state the reasons why it issued;

(B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts sought to be restrained or required." *See* Fed. R. Civ. P. 65(d). "This specificity requirement is necessary to protect those who are enjoined by informing them of what they are called upon to do or to refrain from doing in order to comply with the injunction or restraining order." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200 (11th Cir. 1999) (internal quotations omitted).

The proposed Final Judgments also conform with Eleventh Circuit law, which requires that judgments for injunctive relief describe in reasonable detail the acts or conduct sought to be restrained. *SEC v. Goble*, 682 F.3d 934, 951-52 (11th Cir. 2012); *see also SEC v. Graham*, 823 F.3d 1357, 1362 n.2 (11th Cir. 2016) (noting that the court has repeatedly said "in the context of SEC enforcement actions and otherwise, 'obey-the-law' injunctions are unenforceable."). The Eleventh Circuit held in *Goble* that because some "obey-the-law" injunctions lack specificity, they "deprive defendants of procedural safeguards that would ordinarily accompany a future charge of a violation of the securities laws." *Goble*, 682 F.3d at 949. The Court questioned whether an injunction that merely repeats the language of Section 10(b) and Rule 10b-5 of the Exchange Act would survive judicial scrutiny. *Id.* at 951. The court expressed concern that given the wide range of conduct covered by Section 10(b) and Rule 10b-5 of the Exchange Act, and the large amount of case law interpreting those provisions, simply reciting the language of the statute and rule in an injunction fails to provide the detail needed to "inform the defendant of precisely what conduct is forbidden." *Id*.

However, *Goble* acknowledged that an obey the law injunction based on a statutory provision that states specifically what is required to comply with it could satisfy Fed. R. Civ. P. 65(d)(1). Applying this principle, the Court indicated that an injunction against violations of

Exchange Act Sections 15(c)(3) and 17(a) and Exchange Act Rules 15c3-3 and 17a-3 may be permissible because the rules "specifically describe the acts required of the person enjoined." *Id.* at 952.   Thus, under *Goble*, "a broad, but properly drafted injunction, which largely uses the statutory or regulatory language may satisfy the specificity requirement of Rule 65(d) so long as it clearly lets the defendant know what he is ordered to do or not." *Id.* at 952.

Accordingly, district courts in this Circuit have entered injunctions consistent with *Goble* that incorporate the actual language of the relevant statute or rule and also specifically describe the acts required of the person enjoined. *See, e.g.*, *SEC v. Natural Diamonds Invst. Co., et al,* No. 19-cv-80633-RLR (S.D. Fla., Oct. 18, 2023) (final judgments of permanent injunction and other relief against the individual defendants that included specific language identifying prohibited conduct); *SEC v. Fettner*, No. 9:19-cv-80613-RLR (S.D. Fla. May 30, 2019) (same); *SEC v. Schneider*, No. 9:17-cv-81142-RLR (S.D. Fla. Apr. 5, 2019) (same).

Here, the Commission has filed proposed Final Judgments that include a permanent injunction that "largely uses" the language of Sections 17(a)(2) and 17(a)(3) of the Securities Act, but that also and critically, pursuant to *Goble*, specifically describes the enjoined conduct. Incorporated at the end of each subsection alleged, the proposed Final Judgments include the following descriptive language:

> [*language that tracks the statute*] **. . .** by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:
>     (A) any investment in securities;
>     (B) the prospects for success of any product or company;
>     (C) the use of investor funds, including as compensation to any person; and/or
>     (D) the qualifications of management.

Thus, in addition to tracking the requisite statutory language, the injunctive language includes specific prohibitions which are directly tied to the allegations in the Complaint and properly put the Defendants on notice of the conduct which is prohibited.

The language of these proposed injunctions which track the statutory language is permissible because, as recognized in *Goble*, that language "specifically describe[s] the acts required of the person enjoined" and it clearly lets the Defendants know "what [they are] ordered to do or not." *Goble,* 682 F.3d at 952; s*ee also SEC v. North American Clearing, Inc.* 656 Fed. Appx. 969, 972 (11th Cir. 2016) (finding that injunctions which largely track the language of Exchange Act §§ 15(c)(3) and 17(a) and Rules 15c3-3 and 17a-3 thereunder "are not vague because the rules set forth specific compliance criteria.").

Thus, the proposed Final Judgments ordering injunctive relief against the Defendants are consistent with *Goble* as well as with permanent injunctions previously entered by other courts in this district.

### B.  Additional Relief

Kavtaradze's consent and corresponding proposed Final Judgment recognizes that the Court shall also impose disgorgement, prejudgment interest, and a civil penalty.  This is a negotiated settlement where the parties have reached agreement.

### IV.  Conclusion

WHEREFORE, the Commission respectfully requests that the Court enter the proposed Final Judgments to which the Defendants have consented.

## <u>Local Rule 7.1(a)(3) Certification</u>

The Commission has conferred with counsel for the Defendants, Jim Sallah, Esq. who on

behalf of his clients, does not oppose the entry of the proposed Final Judgments.

Dated:  October 16, 2024

Respectfully submitted,

<u>/s/ *Russell Koonin*</u>
Russell Koonin
Senior Trial Counsel
Fla. Bar No. 474479
Direct Dial: (305) 982-6390
E-mail: kooninr@sec.gov

Eric E. Morales
Senior Counsel
Fla. Bar No. 1010791
Direct Dial: (305) 416-6261
E-mail: moralese@sec.gov

**Securities and Exchange Commission**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2024, the foregoing was filed via CM/ECF and was also emailed to Defendants' counsel, Jim Sallah, Esq., at jds@sallahlaw.com.

/s/ *Russell Koonin*
Russell Koonin, Esq.

7